**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Maritza Vazquez, | **Case No. 1:17-cv-06209** |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO** |
| | **DEFENDANT'S MOTION FOR** |
| USCB Corporation, | **SUMMARY JUDGMENT** |
| Defendant. | |

Now comes Plaintiff, by and through her attorneys, and respectfully submits her Response to Defendant's Motion for Summary Judgment. As Defendant admits, this is not a complicated case and the facts establishing the violations of the statute are undisputed; however, the parties differ on the question of whether Defendant is entitled to the bona fide error defense. As demonstrated below, Defendant is not entitled to the bona fide error defense and its Motion for Summary Judgment must be denied.

I-    LAW AND ARGUMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Once a party moving for Summary Judgment satisfies the initial burden, the nonmoving party may not simply rest upon its pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  Rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. To accomplish this, the nonmoving party

must set out specific facts, by reference to an affidavit, a deposition transcript, or a specific

exhibit, showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). A fact is "material" if, under

the applicable substantive law, it is "essential to the proper disposition of the claim." *Anderson,*

477 U.S. at 256. An issue of fact is "genuine" if "there is sufficient evidence on each side so that

a rational trier of fact could resolve the issue either way." *Id.*

**A- Contrary to Defendant's Motion, the Undisputed Facts Clearly Establish Defendant's Violations of the FDCPA**

The FDCPA is a strict liability statute. *Bartlett v. Heibl*, 128 F.3d 497, 299 (7th Cir.

1997); s*ee also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir, 1996); *Hartman v. Meridian Fin.*

*Servs., Inc.*, 191 F.Supp 2d 1031 (W.D. Wis. 2002); *Edwards v. McCormick*, 136 F.Supp. 2d 795

(S.D. Ohio 2001). As such, the debt collector's intent and circumstances surrounding the

violations are irrelevant. *Bartlett*, 128 F.3d at 299; see also *Reichert v. National Credit Systems,*

*Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008) (*citing Clark v. Capital Credit & Collection Services,*

*Inc.*, 460 F.3d 1162 (9th Cir. 2006).

In this case, it is undisputed that:

- Plaintiff is a consumer.[1]

- Plaintiff incurred a "consumer debt," as that term is defined in the FDCPA.[2]

- Defendant is a "debt collector," as that term is defined in the FDCPA.[3]

- In 2016, the creditor placed the debt with Defendant for collection.[4]

- On June 26, 2017, Plaintiff filed a bankruptcy petition that listed the debt in the

  petition with Defendant's name and address.[5]

---

[1] *See* Defendant's Statement of Material Facts ¶ 1 (Docket # 29).
[2] *See* Deposition of Ron Zadarosni, p. 21 (attached as Exhibit C).
[3] *See* Answer to Amended Complaint ¶¶ 8-10 (Docket # 26); *see also* 15 U.S.C. 1692a(6).
[4] *See* Defendant's Statement of Material Facts ¶ 6 (Docket # 29).
[5] *See* Defendant's Statement of Material Facts ¶ 7 (Docket # 29).

▪ By filing bankruptcy, Plaintiff immediately gained the protection of the automatic

stay. 11 U.S.C. §362(a).

▪ The automatic stay prohibits "any act to collect, assess, or recover a claim against the

debtor that arose" prior to the filing of a bankruptcy petition. 11 U.S.C. §362(a)(6).

▪ On June 27, 2017, the Clerk of Bankruptcy Court mailed a Notice of Bankruptcy to

Defendant that also included the name and contact information of Plaintiff's

attorney.[6]

▪ Two weeks after Plaintiff filed bankruptcy, Defendant mailed a letter to Plaintiff to

collect the consumer debt.[7]

▪ The collection letter demanded that Plaintiff pay the debt.[8]

▪ The timing and content of the collection letter caused Plaintiff to be confused about

the status of the debt.[9]

These undisputed facts unequivocally establish Defendant's violations of the Fair Debt

Collection Practices Act.

1. *Defendant violated §1692e(2) and §1692e(10)*

Section §1692e(2) of the FDCPA prohibits false representations "of (A) the character,

amount, or legal status of any debt;" while §1692e(10) prohibits "any false representation or

deceptive means" to collect, or attempt to collect any debt. A "demand for immediate payment

while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts

that money is due, although because of the automatic stay (11. U.S.C. §362) or the discharge

injunction (11 U.S.C. §524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir.

---

[6] *See* Notice of Bankruptcy (attached as Exhibit B).
[7] *See* Collection Letter (Exhibit E).
[8] *See* Collection Letter; *see also* Answer to Amended Complaint ¶ 22.
[9] *See* Affidavit of Plaintiff ¶¶ 6-9 (attached Exhibit F).

2004); s*ee also Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007) (Attempting to collect a debt from a consumer who is involved in a bankruptcy is a violation of the FDCPA).

Under the FDCPA, "the representation <u>need not be deliberate, reckless, or even negligent</u> to trigger liability—it need only be false." *Ross,* 480 F.3d 495 (emphasis added). Nevertheless, a false statement alone does not trigger liability under the FDCPA. *Ruth v. Triumph Partnerships*, 557 F. 3d 790, 799 (7th Cir. 2009). In order for the false statement to create liability, it must mislead or deceive the unsophisticated consumer. *Id.* at 800 (*citing Wahl v. Midland Credit Management*, 556 F.3d 643 (7th Cir. 2009). The "unsophisticated consumer" standard assumes that a debtor is "uninformed, naïve, or trusting… [with a] rudimentary knowledge about the financial world." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004).

In the case at hand, Defendant's letter clearly reads that it is a communication "from a debt collector," that it is "an attempt to collect a debt," and then makes a demand for payment and states that if Plaintiff pays that amount she "would not have any further obligation to the creditor."[10] Additionally, the letter attempts to create a false sense of urgency by declaring, in bold lettering, **"This offer can save you $674.10! - Don't delay…Take this opportunity to eliminate this debt now!"**[11] It is hard to conceive how these statements would not cause an unsophisticated consumer to believe (as Plaintiff did) that the debt was still owed, and that the debt collector would continue to pursue payment until it is made. Moreover, the undisputable fact that the letter was sent two weeks after her bankruptcy petition was filed caused Plaintiff to believe that the debt was not subject to the bankruptcy filing even though it was.[12]

---

[10] *See* Collection Letter.
[11] *See* Collection Letter.
[12] See Affidavit of Plaintiff ¶¶ 6-9.

In its Motion, the only argument Defendant makes against the allegations that it violated §1692e(2) and §1692e(10) of the FDCPA is that it "didn't know" about the bankruptcy before sending the collection letter to Plaintiff.[13] And the only case law offered by Defendant in support of its position that it did not violate §1692e(2) and §1692e(10) is a citation to *Eul v. Transworld Systems, et al.*[14] Not only are the circumstances in *Eul* completely distinguishable from the case at hand, but the insinuation that the complaint fails to allege facts relating to Defendant's knowledge is completely false.

In *Eul*, the court was ruling on a motion to dismiss under Rule 12(b)(6) based on whether the complaint adequately pled that notice derived from a letter sent to one defendant could be imputed to another defendant if there was a principal-agent relationship between the defendants. 2017 WL 1178537 at *24 (N.D. Ill. Mar. 30, 2017). In the case at hand, the Amended Complaint clearly alleges that the Clerk of the Bankruptcy Court mailed a Notice of Bankruptcy to Defendant at Defendant's correct address two weeks prior to the date of the collection letter that Defendant mailed to Plaintiff; in other words, the Amended Complaint specifically alleges that Defendant had direct knowledge of the Plaintiff's bankruptcy before mailing the collection letter.[15] Notwithstanding Defendant's posturing, the undisputed facts clearly establish Defendant's violations §§1692e(2) and (10); accordingly, Defendant's Motion for Summary Judgment must be denied.

2- *Defendant violated §1692c(a)(2)*

The plain language of the FDCPA prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15

---

[13] Defendant's Motion for Summary Judgment, p. 3 (Docket # 28).
[14] Defendant's Motion for Summary Judgment, p. 3.
[15] *See* Amended Complaint ¶¶ 15-19 (Docket # 25).

U.S.C. §1692c(a)(2). In the case at hand, and without citing any supporting case law,

Defendant's only argument against the violation is that it did not violate §1692c(a)(2) because it

"did not know" Plaintiff was represented by an attorney.[16]

Despite Defendant's convenient claim that it lacked knowledge, it is undisputable that

two weeks before the collection letter was mailed to Plaintiff, the Clerk of the Bankruptcy Court

sent a Notice of Bankruptcy to Defendant that expressly contained the name, address, and email

of Plaintiff's attorney.[17] The law presumes that a properly mailed item was received by the

addressee. *See e.g., Hagner v. United States,* 285 U.S. 427, 430, 52 S. Ct. 417, 418, 76 L. Ed.

861 (1932); *In re Nimz Transportation, Inc.,* 505 F.2d 177, 179 (7th Cir.1974). The presumption

arises upon proof that the addressor properly addressed the item, placed sufficient postage on it,

and then deposited it in the mail. *In re Dodd*, 82. B.R. 924, 928 (Bank. N.D. Ill. 1987) (When the

debtor properly listed a creditor on the bankruptcy schedules with the correct address, receipt of

notice is presumed). Testimony and an affidavit alone are not sufficient to rebut the presumption

of receipt. *Id.* [18]

Notwithstanding the mailing, Defendant claims that it did not receive the Notice of

Bankruptcy; however, Defendant's only support for this claim is that its account notes do not

reflect the Notice.[19] However, the failure of its account notes to reflect the Notice of Bankruptcy

is not evidence that the Notice was not received but, rather, simply proves that the Notice was

not inputted into Defendant's collection database. The Notice of Bankruptcy may well have been

received but not matched to an account in Defendant's database. If Defendant had adequate

---

[16] Defendant's Motion for Summary Judgment, p. 4.

[17] *See* Notice of Bankruptcy.

[18] The weight accorded presumptions and the rebuttal thereof are governed by Rule 301 of the Federal Rules of Evidence (FRE). FRE 301 provides in part: "[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption." *In re Dodd*, 82. B.R. 924, 928 (Bank. N.D. Ill. 1987).

[19] *See* Deposition of Ron Zadarosni, p. 14.

procedures to deal with unmatched notices it would have been able to associate the Notice of

Bankruptcy with Plaintiff's account. The fact remains that a Notice of Bankruptcy containing the

name, address, and telephone number of Plaintiff's attorney was sent to Defendant two weeks

before a collection letter was mailed to Plaintiff. In light of these facts, Defendant is not entitled

to Summary Judgment on the alleged violations of §1692c(a)(2) and the Motion for Summary

Judgment must be denied.

In their Reply, Defendant may try to argue that bankruptcy representation is insufficient

to satisfy the "with respect to such debt" requirement of the FDPCA; however, that argument

would be misplaced. The case law is quite clear that a bankruptcy attorney is sufficient to satisfy

the representation element of §1692c. *See e.g. Robin v. Miller and Steeno, P.C.*, 4:13-cv-2456

(E.D. Mo., 2014).

### B- Plaintiff is Entitled to Judgment as a Matter of Law Because Defendant Does Not Maintain Reasonable Procedures to Avoid the Violations of the FDCPA Alleged in the Complaint

Despite the finding of a violation, the FDCPA provides that a debt collector " may not be

held liable in any action brought under this title if the debt collector shows by a preponderance of

evidence that the violation was not intentional and resulted from a bona fide error

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15

U.S.C. §1692k(c) (emphasis added); *see also Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002,

1005 (9th Cir. 2008). To utilize the bona fide error defense as a shield, the defense must establish

that it maintained procedures "designed to avoid discoverable errors." *Reichert,* 531 F.3d at

1007. A defendant must establish, by a preponderance of the evidence, that: (1) the presumed

FDCPA violation was not intentional; (2) the presumed FDCPA violation resulted from a bona

fide error; and (3) the defendant maintained procedures reasonably adapted to avoid any such

error. *Kort v. Diversified Collection Servs, Inc.*, 392 F.3d 530, 537 (7th Cir. 2005); s*ee also*
*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

Regarding the first prong, Defendant makes the conclusory claims that the violations
were not intentional.[20] Defendant's claim ignores the fact that its nonchalant, passive approach to
compliance with the FDCPA could lead a reasonable juror to interpret Defendant's actions as an
intentional disregard for the law. With respect to the second prong, Defendant claims that the
letters was sent in error.[21] In this case though, there was no mistake, no miscoding, and no error
(human or otherwise); Defendant's procedures operated exactly as intended, and any claim to the
contrary is false.

In analyzing the third prong, courts have used a two-step process to determine whether a
collector maintained the appropriate procedures. *Reichert,* 531 F.3d at 1006. First, the debt
collector must "`[maintain]—i.e., actually [employ] or [implement]—procedures to avoid
errors.'" *Id.* (quoting *Johnson v. Riddle,* 443 F.3d 723, 729 (10th Cir. 2006)). Second, the
procedures must be "`reasonably adapted' to avoid the *specific error* at issue." *Id.* And further,
"[i]f the bona fide error defense is to have any meaning in the context of a strict liability statute,
then a showing of "procedures reasonably adapted to avoid any such error" must require more
than a mere assertion to that effect. *Id.* at 1007. The procedures themselves must be explained,
along with the manner in which they were adapted to avoid the error." *Id.* Therefore, a defendant
must assert and explain how a procedure or policy is tailored to avoid the specific mistake at
issue to take advantage of the bona fide error defense. *Gibson v. US Collections West,* 2017 U.S.
Dist. LEXIS 69765 at *5 (D. Ariz. May 8, 2017).

---

[20] *See* Defendant's Motion for Summary Judgment, p. 5.
[21] See Defendant's Motion for Summary Judgment, pp. 5-6.

In the Motion, Defendant relies on *Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007) and *Hyman v. Tate & Kirlin Associates*, 362 F.3d. 365 (7th Cir. 2004) for the proposition that its procedures qualify for the bona fide error defense.[22] However, these cases are distinguishable, and merely reciting the procedures that prior cases have found reasonable does not entitle Defendant to the bona fide error defense. In both *Ross* and *Hyman*, unlike the case at hand, neither defendant received the account for collection before the plaintiff filed a bankruptcy petition, neither was listed on the plaintiff's bankruptcy petition, and neither received a Notice of Bankruptcy. Nevertheless, Defendant relies on the holding in *Ross* that an agreement with the original creditor not to place bankruptcy accounts for collection <u>and</u> for an immediate cessation of collection activities following notice of a bankruptcy qualified as reasonable procedures under the FDCPA.[23] *Ross*, 480 F.3d 497.

First, although Defendant claims to have an unwritten agreement with the creditor not to place bankrupt debts for collection, such an agreement is irrelevant because the debt was placed with Defendant for collection prior to the bankruptcy filing.[24] Therefore, this procedure would not have prevented the violation Plaintiff alleged in the Complaint and cannot be used to qualify for the bona fide error defense. Second, Defendant claims that it has a policy of ceasing all collection activities upon receiving notice of bankruptcy.[25] In fact, Defendant claims that it has a policy of tagging an account as bankrupt and ceasing all collection efforts upon the mere mention of bankruptcy.[26] To qualify for the bona fide error defense, though, it is important to examine how this "policy" is implemented.

---

[22] *See* Defendant's Motion for Summary Judgment, pp. 6-7.
[23] *See* Defendant's Motion for Summary Judgment, p. 7.
[24] *See* Defendant's Motion for Summary Judgment, p. 7.
[25] *See* Defendant's Motion for Summary Judgment, p. 7.
[26] *See* Defendant's Statement of Material Facts ¶ 22; Deposition of Ron Zadarosni, p. 12.

In this matter, Defendant claims that the first notice it received of Plaintiff's bankruptcy was from a letter dated July 26, 2017.[27] The account notes, however, fail to reflect that such a letter was received, or that the account was noted as in bankruptcy.[28] If Defendant failed to record the July 26, 2017 letter in Plaintiff's account, what other letters/notices did Defendant also fail to record in the account? The inconsistent application of procedures cannot used to qualify for the bona fide error defense. See *Johnson v. J.V.D.B. & Associates*, No. 1:12-cv-07223 at * p. 5 (N.D. Ill. Sept. 26, 2014).

In discovery, Defendant produced its procedures for processing bankruptcy notices; notably, the procedures are silent as to any notices that cannot be matched up in Defendant's database.[29] Although the bankruptcy procedures produced do not specify how to handle bankruptcy notices that cannot be matched to an account in Defendant's database, Defendant's representative testified that the standard procedure was to send a letter to the attorney listed on the notice and wait 15 days for a response.[30] If no response is received, the standard procedure is to send another letter and wait another 15 days.[31] If no response is received after the second letter, the notice is placed in the "unfound" folder.[32]

Although a standard Notice of Bankruptcy includes an attorney's address, telephone number, and email, Defendant's stated standard procedure is to spurn the telephone or computer in favor of "snail" mail. At no point does Defendant explain how this procedure does anything to prevent the collection of bankrupt debts.[33] Nor has Defendant articulated any procedure or policy

---

[27] *See* Defendant's Statement of Material Facts ¶ 13.
[28] See Account Notes (attached as Exhibit A).
[29] See Procedure for Bankruptcy Forms (attached as Exhibit H).
[30] *See* Deposition of Ron Zadarosni, pp. 27-28.
[31] *See* Deposition of Ron Zadarosni, pp. 28.
[32] *See* Deposition of Ron Zadarosni, pp. 28.
[33] *See* Defendant's Motion for Summary Judgment.

to regulate whether such letters are sent in a timely manner, if at all.[34] *See Isham v. Gurstel,*

*Staloch & Chargo, P.A.,* 738 F.Supp.2d 986, 1000 (D. Ariz. 2010) (Defendant was not entitled to

the bona fide error defense when it had no policy or procedure to verify whether the proper

notations were actually entered by a paralegal). In fact, while Defendant mails its letters, all

collection activity continues unhindered.[35]

   In a last-ditch effort to avoid liability, Defendant argues that the harm to the debtor was

"slight," and that its conduct illustrated the proper functioning of the FDCPA.[36] This idea is

taken from *Hyman*, where the court found that the defendant's procedures caused the plaintiff's

account to be "promptly removed" from the collection list, thus preventing further collection

efforts. *See* 362 F.3d 968. Here, however, Defendant's procedures did nothing to stop collection

efforts on Plaintiff's account and, even after it received notice of this lawsuit, Defendant still

failed to follow its procedures and notate Plaintiff's account as in bankruptcy,[37] which caused

Plaintiff to suffer additional collection activity by other debt collectors.[38] Defendant should not

be allowed to claim that it complied with the FDCPA when it failed to follow its own

procedures, and did not protect Plaintiff from further collection activity.

   At bottom, the crux of Defendant's argument for the bona fide error defense rests on the

claim that it did not know about the bankruptcy prior to sending the collection letter.[39] This

claim, however, must be taken with a grain of salt. First, it is undisputable the Bankruptcy Clerk

mailed the Notice of Bankruptcy to Defendant at the correct address,[40] and the law presumes that

---

[34] *See* Defendant's Motion for Summary Judgment.
[35] *See* Deposition of Ron Zadarosni.
[36] *See* Defendant's Motion for Summary Judgment, pp. 7-8.
[37] *See* Defendant's Statement of Material Facts ¶ 13; *see also* Account Notes.
[38] *See* Affidavit of Plaintiff ¶ 9; *see also* Collection Letter from Ability Recovery Services, LLC (attached as Exhibit G).
[39] *See* Defendant's Motion for Summary Judgment.
[40] *See* Notice of Bankruptcy.

a properly mailed item was received by the addressee. *See Hagner,* 285 U.S. at 430 (1932).

Despite having the mailing and presumption, Defendant testified that it never received the Notice

– even after the collection letter was mailed.[41] Testimony alone, however, is not sufficient to

rebut the presumption of receipt. *In re Dodd*, 82. B.R. at 928. Second, although several notices

are mailed to Defendant's address[42] during Plaintiff's bankruptcy, Defendant testified that it

never received any notices.[43] While it is plausible that one letter may get lost in transit, it is far

less plausible that three (3) or more letters from the court to the same company would get lost.

The FDCPA does not require collectors to independently research each account before

sending collection letters; however, the FDCPA does require a collector to maintain procedures

reasonably adapted to avoid the violations complained of. *See* 15 U.S.C. §1692k(c). Based on the

foregoing, it is clear that Defendant's procedures are not reasonably adapted to avoid collecting

on accounts in bankruptcy. Here, the alleged agreement with the creditor not to place

bankruptcy accounts for collection is irrelevant because the account was placed prior to the

bankruptcy filing. And, although Defendant claims that it has a policy of notating accounts as

soon as it receives notice of bankruptcy, the record shows that it failed to notate Plaintiff's

account as bankrupt even after it received the July 26, 2017 letter.[44] The inconsistent application

of a procedure is not enough to qualify for the bona fide error defense; accordingly, Defendant's

Motion must be denied.

I- CONCLUSION

Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied.

The facts establishing the violations of the FDCPA are undisputed. Further, Defendant failed to

---

[41] *See* Account Notes.
[42] *See* Creditor Matrix (attached as Exhibit D); *see also* Deposition of Ron Zadarosni, pp 21-22.
[43] *See* Deposition of Ron Zadarosni, pp 32-33.
[44] *See* Account Notes.

maintain procedures reasonably adapted to avoid collecting on bankrupt debt. Defendant purposefully takes a passive approach to compliance with the FDCPA by failing to perform any bankruptcy scrubs, or make any proactive efforts to associate bankruptcy notices with accounts that could be quickly or easily located in Defendant's database. Further, as demonstrated above, Defendant's policy of notating accounts as in bankruptcy is inconsistently applied. Lastly, Defendant failed to explain how the practice of sending letters and waiting 15 days each time for a response does not prevent collection efforts on a bankruptcy account. For these and the foregoing reasons, Defendant's Motion for Summary Judgment must be denied.

RESPECTFULLY SUBMITTED,

Meier LLC

By: /s/ *Richard J. Meier*
Richard J. Meier
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 1.312.242.1849
Fax: 1.312.242.1841
Richard@meierllc.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 29, 2018, a copy of the foregoing Plaintiff's Response to

Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be

sent by operation of the Court's electronic filing system to all parties indicated on the electronic

filing receipt.


*/s/ Richard J. Meier*

14