IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARITZA VAZQUEZ, | ) |
| | ) |
| Plaintiff, | ) No. 17 C 6209 |
| | ) |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| USCB CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maritza Vazquez ("Plaintiff") has sued Defendant USCB Corporation ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff alleges that Defendant violated the FDCPA by attempting to collect a debt after Plaintiff filed a bankruptcy petition. This matter is now before the Court on Defendant's Motion for Summary Judgment [ECF No. 27], Plaintiff's Motion for Summary Judgment [ECF No. 32], and Plaintiff's Motion to Strike [ECF No. 40]. For the reasons set forth below, Defendant's Motion for Summary Judgment [ECF No. 27] is denied, and Plaintiff's Motion for Summary Judgment [ECF No. 32] is granted in part and denied in part. In addition, Plaintiff's Motion to Strike [ECF No. 40] is denied.

I. **LEGAL STANDARD**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether there is a genuine issue of fact, a district court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). And the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, a court does not "evaluate the weight of the evidence, judge the credibility of witnesses or determine the ultimate truth of the matter" but rather "determine[s] whether there exists a genuine issue of triable fact." *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008) (citation omitted). The court cannot make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Anderson*, 477 U.S. at 255; *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994); *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993). Rather, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court, therefore, must look at the evidence as a jury might, construing the record in the light most favorable to the nonmoving party and avoiding a temptation to decide

which party's version of the facts is more likely true. *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999).

Local Rule 56.1 requires a party moving for summary judgment to submit a statement of material facts with "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts . . . ." Local Rule 56.1(a). Then, "the party opposing the motion for summary judgment is required to file and serve 'a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (quoting Local Rule 56.1(b)(3)(B)). Local Rule 56.1(b)(3)(C) also "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'" *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005) (quoting Local Rule 56.1).

The failure of a nonmoving party to abide by the requirements of Local Rule 56.1 carries significant consequences. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Id.* Specifically, the responding party's failure "to cite to any admissible evidence to support facts presented in response" renders "the facts presented by the moving party as undisputed." *Id.* The purpose of the Local Rule 56.1 statement of facts is to identify the relevant evidence supporting the material facts that the moving party contends are undisputed, not to make factual or legal argument. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). A party's obligation to support its facts with evidence is mandatory, and the Seventh

3

Circuit repeatedly has held that the district court is within its discretion to enforce strict compliance with the requirements of Local Rule 56.1. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 528 (7th Cir. 2000).

## II. RELEVANT FACTS[1]

In 2016, Plaintiff incurred a debt with Ashworth College ("Ashworth"). Plaintiff's Rule 56.1 Statement of Facts in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's SOF"), [ECF No. 34], ¶ 6. Plaintiff subsequently defaulted on the debt, and on November 21, 2016, the debt was referred to Defendant for collection. Plaintiff's SOF, [ECF No. 34], ¶ 8; Defendant's Statement of Material Facts Pursuant to Local Rule 56.1 ("Defendant's SOF"), [ECF No. 29], ¶¶ 5, 6.

On June 26, 2017, Plaintiff filed a bankruptcy petition that included the debt, and listed Defendant on Schedule F on her petition. Plaintiff's SOF, [ECF No. 34], ¶ 12; Defendant's SOF, [ECF No. 29], ¶ 7. The clerk of the Bankruptcy Court for the Northern District of Illinois subsequently filed a Notice of Bankruptcy on June 27, 2017. Plaintiff's SOF, [ECF No. 34], ¶ 34; Defendant's Response to Plaintiff's Rule 56.1 Statement of Material Facts (Defendant's Response to Plaintiff's SOF"), [ECF No. 37], ¶ 14. The Notice indicates that it was sent by first class mail to Defendant's correct mailing address at P.O. Box 75, Archbald, PA 18403-0075, on June 29,

---

[1] Defendant failed to respond to Plaintiff's Statement of Additional Undisputed Material Facts [ECF No. 36, at 4–7]. Normally, these facts would be deemed admitted pursuant to Local Rule 56.1(b)(3)(C). However, the majority of Plaintiff's additional facts were included in Plaintiff's Local Rule 56.1 Statement of Material Facts in support of her Motion for Summary Judgment [ECF No. 34] to which Defendant did respond. [ECF No. 37]. Therefore, to the extent that the facts are identical, Court will accept Defendant's responses set forth in its Response to Plaintiff's SOF [ECF No. 37] as if Defendant had responded in the same way to Plaintiff's Statement of Additional Undisputed Material Facts [ECF No. 36]. Any facts raised for the first time in Plaintiff's statement of additional facts, however, are deemed admitted based on Defendant's failure to respond to them.

2017. Plaintiff's SOF, [ECF No. 34], ¶¶ 13, 14; Certificate of Notice, [EFC No. 34-5], at 3. The Notice included Plaintiff's name along with the name and contact information of Plaintiff's bankruptcy attorney. Plaintiff's SOF, [ECF No. 34], ¶ 35; Notice, [ECF No. 34-5], at 2.

Despite the bankruptcy proceeding, Defendant mailed a collection letter ("the Letter") to Plaintiff dated July 10, 2017. Plaintiff's SOF, [ECF No. 34], ¶ 21; Defendant's SOF, [ECF No. 29], ¶¶ 10, 11. The Letter stated that it was from a debt collector and was an attempt to collect the debt for Ashworth College. Plaintiff's SOF, [ECF No. 34], ¶¶ 23–25. The Letter stated that Plaintiff owed $880, but by paying $205.90 before September 5, 2017, Plaintiff could settle the debt and have "no further obligation" regarding the debt. Plaintiff's SOF, [ECF No. 34], ¶¶ 26–28. In bold lettering, the Letter further states,

> **<<<This offer can save you $674.10 – Don't delay…Take this opportunity to eliminate this debt now!>>>**

Plaintiff's SOF, [ECF No. 34], ¶ 29; [ECF No. 34-8], at 2.

Plaintiff alleges the Letter confused her, she became anxious and worrisome about the possibility of other debt collectors coming after her, and she began to question the effectiveness of the bankruptcy process. Plaintiff's SOF, [ECF No. 34], ¶¶ 32, 33.

Defendant disputes that it received the Notice of Bankruptcy, and further states that it did not access Plaintiff's account in its system around the time it would have received the Notice from the court. Defendant's SOF, [ECF No. 29], ¶¶ 8, 9; Plaintiff's Response to Defendant's Statement of Material Facts Pursuant to Local Rule 56.1 ("Plaintiff's Response to Defendant's SOF"), [ECF No. 36], ¶ 9. According to Defendant, the first it learned of Plaintiff's bankruptcy was on August 3, 2017, when it received a letter from Plaintiff's attorney advising Defendant of the bankruptcy and the potential for a lawsuit. Defendant's SOF, [ECF No. 29], ¶ 12. Once the letter was received, Defendant suspended Plaintiff's account and ceased further collection efforts. Defendant's SOF,

[ECF No. 29], ¶¶ 13, 14. According to Defendant, the only reason the Letter was sent to Plaintiff was because USCB "simply didn't know about the bankruptcy." Defendant's SOF, [ECF No. 29], ¶ 15.

Defendant does not perform bankruptcy scrubs or bankruptcy searches on any accounts prior to sending collection letters, and is not signed up to receive notices of bankruptcy electronically. Plaintiff's SOF, [ECF No. 34], ¶ 39; Zadarosni Dep., [ECF No. 29-5], at 34–36. Nor does Defendant have a written agreement with Ashworth to be notified about bankruptcy notices that Ashworth receives regarding accounts placed with Defendant for collection. Plaintiff's SOF, [ECF No. 34], ¶ 40; Defendant's Response to Plaintiff's SOF, [ECF No. 37], ¶ 40. However, Ashworth does notify Defendant of bankruptcies it becomes aware of "from time to time." Zadarosni Dep., [ECF No. 29-5], at 53–54.

Defendant's manager, Elena Stachacz, manages the incoming mail and bankruptcies. Defendant's SOF, [ECF No. 29], ¶ 16; Plaintiff's Response to Defendant's SOF, [ECF No. 36], ¶ 16.[2] Every morning, an employee of Defendant picks up all mail at the post office and brings it back to Defendant's location to give to Ms. Stachacz, who then opens all mail. Defendant's SOF, [ECF No. 29], ¶¶ 17, 18; Plaintiff's Response to Defendant's SOF, [ECF No. 36], ¶¶ 17, 18. Ms. Stachacz testified that she records all bankruptcy notices into Defendant's system, even for closed accounts. Stachacz Dep., [ECF No. 29-6], at 10.

To locate the proper account associated with a bankruptcy notice, Defendant utilizes the company's written "Procedure for Bankruptcy." Defendant's SOF, [ECF No. 29], ¶ 20; Plaintiff's SOF, [ECF No. 34], ¶ 41. According to the procedures, once the debtor's account is found in the

---

[2] Plaintiff responds to this statement of fact by stating "Plaintiff ADMITS that Defendant gave this testimony but cannot verify the veracity of the statement." Plaintiff's Response to Defendant's SOF, [ECF No. 36], ¶ 16. Therefore, the Court deems this fact to be admitted. The same holds true for each and every other instance where Plaintiff responds to a statement of fact in this manner.

6

database, the account is closed and flagged as in bankruptcy. Defendant's SOF, [ECF No. 29], ¶ 21; Plaintiff's SOF, [ECF No. 34], ¶¶ 42, 43. If the debtor cannot be located in Defendant's system, the notice of bankruptcy is put in the "Contact Attorney" folder. Plaintiff's SOF, [ECF No. 34], ¶ 44; Defendant's Response to Plaintiff's SOF, [ECF No. 37], ¶ 44. Although the written procedures provide no instructions for how to handle bankruptcy notices for accounts that cannot be located, Ms. Stachacz testified that it is her practice to reach out to the attorney listed on the notice. Stachacz Dep., [ECF No. 29-6], at 9; Plaintiff's SOF, ECF No. 34], ¶¶ 43–46. This is done by mailing a letter to the attorney on the day the notice is received. Plaintiff's SOF, [ECF No. 34], ¶ 47; Zadarosni Dep., [ECF No. 29-5], at 23–25; Zadarosni Affidavit, [ECF No. 39], ¶ 11. If no response from the attorney is received within 15 days, a second letter is mailed. Plaintiff's SOF, [ECF No. 34], ¶ 49; Zadarosni Dep., [ECF No. 29-5], at 28–29. If no response to the second letter is received, the bankruptcy notice is placed in the "unfound file." Plaintiff's SOF, [ECF No. 34], ¶ 50; Zadarosni Dep., [ECF No. 29-5], at 28. Currently, there are no bankruptcy notices in the "unfound file." Zadarosni Dep., [ECF No. 29-5], at 31.

If a consumer communicates to Defendant that he or she is thinking of filing for bankruptcy or has filed for bankruptcy, Defendant codes the account, closes it, and ceases collection. Defendant's SOF, [ECF No. 29], ¶ 22. Once an account is coded as in bankruptcy, Defendant's system automatically shuts down the account. Defendant's SOF, [ECF No. 29], ¶ 23. No collection letters are sent on accounts that are coded as bankruptcy. Defendant's SOF, [ECF No. 29], ¶ 24; Plaintiff's Response to Defendant's SOF, [ECF No. 36], ¶ 24. There is no mention of bankruptcy in Plaintiff's account notes. Plaintiff's SOF, [ECF No. 34], ¶ 20; Defendant's Response to Plaintiff's SOF, [ECF No. 36], ¶ 20; Defendant's SOF, [ECF No. 29], ¶ 8.

On August 3, 2017, the date Defendant received the letter from Plaintiff's attorney notifying it of Plaintiff's bankruptcy, the "ATTENTION" tab of Plaintiff's account was updated with a notation reading "see Ron ONLY." Defendant's SOF, [ECF No. 29], ¶¶ 3, 14; Zadarosni Affidavit, [ECF No. 39], ¶¶ 3, 6. Defendant also suspended collection of Plaintiff's Account. Zadarosni Affidavit, [ECF No. 39], ¶ 5. According to Defendant, the "see Ron ONLY" notation appears for accounts where Defendant has "received legal notice (i.e., demand letter or lawsuit) from a consumer or a consumer's attorney." Zadarosni Affidavit, [ECF No. 39], ¶ 7. When a bankruptcy notice is received, the "ATTENTION" tab is notated with "bankruptcy – see Elena." Zadarosni Affidavit, [ECF No. 39], ¶ 9. If the "ATTENTION" tab has either of these notations ("See Ron ONLY" or "Bankruptcy—See Elena"), employees are unable to access the account information without first seeing the individual mentioned in the notes. Zadarosni Affidavit, [ECF No. 39], ¶ 10.[3]

### III. DISCUSSION

#### A. *Whether Defendant Violated 15 U.S.C. § 1692e(2) and/or 15 U.S.C. 1692e(10)*

Section 1692e(2) of the FDCPA prohibits false representations of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Similarly, section 1692e(10) prohibits "any false representation or deceptive means" to collect, or attempt to collect any debt. 15 U.S.C. § 1962e(10). A demand for immediate payment while a debtor is in bankruptcy is "false" in the sense that it asserts that money is due, although because of an automatic stay in bankruptcy cases,

---

[3] Plaintiff has moved to strike the Zadarosni affidavit and attached exhibit on the grounds that the information contained in that affidavit was not produced during discovery and is not admissible in the context of summary judgment practice. The Motion to Strike [ECF No. 40] is denied. It is not clear to the Court that the information contained in the affidavit or its attachment (a screen shot from Defendant's computer system) were required to be produced during discovery. Moreover, the matters contained in the affidavit are useful as background information, but the Court does not rely on those facts in deciding the parties' cross-motions for summary judgment. By denying the Motion to Strike, the Court expresses no opinion as to whether the information contained in the Zadarosni affidavit would be admissible at trial.

8

it is not. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004). Under the FDCPA, "the representation need not be deliberate, reckless, or even negligent to trigger liability—it need only be false." *Ross v. RJM Acquisitions Funding, LLC*, 480 F.3d 493, 495 (7th Cir. 2007). However, in order for the false statement to create liability, it must mislead or deceive the unsophisticated consumer. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009). "The unsophisticated consumer isn't a dimwit. She may be uninformed, naïve, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal quotations marks and citations omitted).

In its Motion for Summary Judgment, Defendant argues it could not have violated § 1692e(2) or § 1692e(10) because it "did not know, and could not have known, that Plaintiff's debt was included in a bankruptcy." Defendant's Motion, [ECF No. 28], at 3. Even assuming this is true, "under § 1692e, ignorance is no excuse." *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). Here, it is undisputed that Defendant sent Plaintiff a collection letter stating her debt was due and payable after she declared bankruptcy. This was a misrepresentation of the legal status of Plaintiff's debt. *See Randolph*, 480 F.3d at 495. Therefore, the Court's analysis centers upon whether an unsophisticated, but reasonable, consumer would have been deceived or misled by the Letter. *See Turner*, 330 F.3d at 995 ("[O]ur test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer.").

Plaintiff contends that the statements in the Letter, combined with the date of the Letter (approximately two weeks after Plaintiff filed for bankruptcy), would reasonably cause the

9

unsophisticated consumer to believe that the debt was not subject to the bankruptcy filing, the debt was still due, and that the debt collector would continue to pursue payment until it is made. Plaintiff's Motion, [ECF No. 33], at 5; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), [ECF No. 35], at 4. Defendant does not directly address this argument, instead stating only that "when a collection letter is sent by a debt collector to a discharged debtor, it is a question of fact as to whether a reasonable, yet unsophisticated consumer, would be deceived into believing he or she stills owes the debt." Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Response"), [ECF No. 38], at 2. Significantly, Defendant offers no substantive argument as to why a reasonable, unsophisticated consumer would not have been deceived or misled by the Letter.

In the Court's view, an unsophisticated consumer, having filed for bankruptcy and thus entitled to a stay, could have been misled by the collection letter. "Plaintiff's debts were listed in her bankruptcy petition, yet Plaintiff still received collections communications from Defendant. An unsophisticated consumer might be confused as to why [she] received communications seeking the debt outside of the bankruptcy proceedings or the manner in which the discharge must occur—through bankruptcy, debt collection, or perhaps both." *Lewis v. Nw. Collectors, Inc.*, 2017 WL 385041, at *4 (N.D. Ill. Jan. 25, 2017). Accordingly, the Court finds that Defendant's letter could have confused or deceived an unsophisticated consumer under these circumstances. Therefore, on this basis, Defendant is not entitled to summary judgment as to Plaintiff's § 1692e claims.

In sum, by sending a collection letter on July 10, 2017, stating that the debt was due and payable, Defendant falsely represented the legal status of the debt. Further, since the false representation could have caused an unsophisticated consumer to be misled, Defendant violated § 1692e(2) of the FDCPA. Additionally, by misrepresenting the status of the debt, Defendant

violated § 1692e(10), which prohibits making "any false representation or deceptive means" to collect, or attempt to collect any debt. However, as discussed below—*see* Section C, *infra*—the Court's analysis does not end here because Defendant has asserted the "bona fide error" defense.

### B. *Whether Defendant Violated 15 U.S.C. § 1692c(a)(2)*

The FDCPA prohibits communications with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2). To withstand summary judgment on a § 1692c(a)(2) claim, "a plaintiff must present evidence from which it can reasonably be inferred that defendant knew that [the plaintiff] was represented by an attorney." *See, e.g., Dore v. Five Lakes Agency, Inc.*, 2015 WL 4113203, at *3–4 (N.D. Ill. July 8, 2015) (granting summary judgment for defendant where plaintiff only argued that defendant "should have known" that attorney represented her regarding specific debts because debt collector had possessed documents showing attorney representing her in bankruptcy proceedings). *Cf. Bianchi v. The Bureaus, Inc.*, 2008 WL 597587, at *2 (N.D. Ill. Feb. 27, 2008) (denied summary judgment against plaintiff where bankruptcy court listed plaintiff's attorney on notice of filing and court mailed notice about that bankruptcy to defendant, thus creating fact dispute whether defendant had actual knowledge).

Plaintiff argues that Defendant violated § 1692c(a)(2) by communicating directly with Plaintiff, rather than her lawyer, after she filed for bankruptcy. Plaintiff asserts that Defendant received notice of Plaintiff's bankruptcy, so Defendant would have known about Plaintiff's retention of a bankruptcy attorney. Defendant, on the other hand, maintains that it never received the Notice of Bankruptcy, and therefore had no knowledge that Plaintiff was represented by an attorney when it mailed the Letter.

11

The Notice at issue allegedly was sent to Defendant by the clerk of the bankruptcy court via first class mail. The law presumes that a properly mailed item was received by the addressee. *See e.g., Hagner v. United States,* 285 U.S. 427, 430 (1932); *In re Nimz Transportation, Inc.,* 505 F.2d 177, 179 (7th Cir. 1974). The presumption arises upon proof that the addressor properly addressed the item, placed sufficient postage on it, and then deposited it in the mail. *In re Dodd,* 82 B.R. 924, 928 (N.D. Ill. 1987). In the instant case, Plaintiff properly listed Defendant on the schedule of creditors and the court's clerk swore out a certificate of mailing. This is sufficient evidence to create the presumption that Defendant received the notice of Plaintiff's bankruptcy. *Id.*; *see also Bianchi,* 2008 WL 597587, at *2 ("Plaintiff argues that the certificate of service creates a presumption that defendant received the bankruptcy notice. We agree."). This presumption is strengthened by the fact that the notice was not returned to the clerk's office. *See In re Longardner & Assocs., Inc.,* 855 F.2d 455, 460 (7th Cir. 1988).

However, the presumption of receipt is a rebuttable and not a conclusive presumption. *Dodd,* 82 B.R. at 928. "A party cannot rebut the presumption of receipt of a mailed document by merely denying receipt, unsupported by evidence. To rebut the presumption a party must introduce evidence that the mail was not received. Specifically, a party can rebut the presumption if it presents testimony that the mail was not received, as well as evidence that the party uses a standardized process for receiving mail." *In re Outboard Marine Corp.,* 369 B.R. 353, 359–60 (N.D. Ill. 2007). Here, Defendant attempts to rebut this presumption by submitting testimony that the notice never was received, testimony describing the standard procedures for receiving mail and handling notices of bankruptcy, and evidence that Plaintiff's account never was notated as in bankruptcy.

Specifically, Ms. Stachacz testified that she receives all mail, including bankruptcy notices. Defendant's SOF, [ECF No. 29], ¶¶ 16, 18. She likewise attested that when she receives a notice of bankruptcy, she follows the company's written procedures, makes the proper notations in the debtor's account, and closes the account. Defendant's SOF, [ECF No. 29], ¶¶ 19, 20. Ultimately, it may be determined that these procedures are not always followed. But, critically, it is not within the purview of this Court to make credibility determinations at the summary judgment stage. *See Trull v. Lason Systems, Inc.*, 982 F. Supp. 600, 604 (N.D. Ill. 1997) ("Credibility determinations, weighing evidence, and drawing reasonable inferences are jury functions, not those of judge deciding a motion for summary judgment."). Additionally, Defendant also submits a copy of its record of Plaintiff's debt account, which does not reflect receipt of the bankruptcy notice. [ECF No. 29-7, at 2].

Ms. Stachacz's testimony, combined with the lack of any bankruptcy notations in Plaintiff's account, is sufficient to rebut the presumption that Defendant received the Notice of Bankruptcy. *See, e.g., Outboard Marine Corp.*, 369 B.R. at 360; *Dodd*, 82 B.R. at 929 ("direct testimony of nonreceipt, particularly in combination with evidence that standardized procedures are used in processing claims, would be sufficient to support a finding that the mailing was not received, and thereby rebut the presumption accorded a proper mailing."). Accordingly, a question of fact exists as to whether Defendant had actual knowledge that Plaintiff was represented by an attorney at the time the Letter was mailed. *See In re Leventhal*, 481 B.R. 409, 417 (N.D. Ill. 2012) ("Denial of receipt alone generally will not rebut a presumption of receipt but will create a question of fact."). Summary judgment is therefore denied as to § 1692c(a)(2).

## C. *Whether Defendant is Entitled to the Bona Fide Error Defense*

Finally, Defendant argues that, even if it violated §§ 1692e(2)(a), 1692e(10), and/or 1692c(a)(2), it is nevertheless entitled to summary judgment because these violations are excused under the FDCPA's "bona fide error" provision. This provision provides a complete defense to a debt collector who "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Thus, Defendant must show: (1) the error was unintentional, (2) the violation resulted from a bona fide error, and (3) it maintained procedures reasonably adapted to avoid any such error. *See, e.g., Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 536 (7th Cir. 2005); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004)).

### 1. Whether Defendant's FDCPA Violations were Unintentional, Resulting from a Bona Fide Error

For the first prong of intent, "[a] debt collector need only show that its FDCPA violation was unintentional, not that its actions were unintentional." *Kort*, 394 F.3d at 537. As to the second prong, whether the error was bona fide, Defendant must show that the error "was an error made in good faith; a genuine mistake, as opposed to a contrived mistake." *Id.* at 538 (*see* Black's Law Dictionary 168 (7th ed.1999)) (defining "bona fide" as "1. Made in good faith; without fraud" and "2. Sincere; genuine"). "Proof that a party is unaware of important facts—such as whether a party [has filed for bankruptcy or] is represented by counsel—is generally a good first step in disproving intent." *Torres v. LVNV Funding, LLC*, 2018 WL 1508535, at *7 (N.D. Ill. Mar. 27, 2018) (citing *Turner*, 330 F.3d at 996).

Here, the crux of the dispute between the parties is whether or not Defendant received the notice of bankruptcy. As discussed above, Defendant has come forth with sufficient evidence to rebut the presumption of receipt of the notice, thereby creating a question of fact that cannot be

14

resolved at the summary judgment stage. And, in any event, even if the Court was to "presume that [Defendant] received the bankruptcy notice, a bona fide error may have occurred later in the process. For example, after receipt, the notice may have been lost or entered into someone else's debt record . . . the lack of an entry on [Plaintiff's] debt record would support this possibility." *Bianchi*, 2008 WL 597587, at *4. In light of this, the question of whether the violation was unintentional, resulting from a bona fide error, is not one that the Court can decide as a matter of law at this time.

### 2. Whether Defendant Maintained Procedures Reasonably Adapted to Avoid the Error

The final prong, the procedures component, involves a two-step inquiry: "first, whether the debt collector 'maintained'—i.e., actually employed or implemented—procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006); *see also Jenkins v. Heintz*, 124 F.3d 824, 834, 835 (7th Cir. 1997). The bona fide error defense does not "require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution." *See Kort*, 394 F.3d at 539 (quoting *Hyman*, 362 F.3d at 968). Debt collectors are not required to "independently verify the validity of the debt," or "independently research each account." *Hyman*, 362 F.3d at 968. Moreover, the procedures employed by the debt collector need only be reasonable; they need not be the most advanced available. *Bianchi*, 2008 WL 597587, at *3.

Plaintiff's attacks on Defendant's bona fide error defense are largely focused towards Defendant's policies and procedures related to how it attempts to locate a consumer account when it receives a notice of bankruptcy. But Defendant contends it never received the Notice in the first place, based upon the lack of any notation of bankruptcy in Plaintiff's account. Plaintiff argues that the failure of the account notes to reflect the Notice "is not evidence that the Notice was not

15

received but, rather, simply proves that the Notice was not inputted into Defendant's collection database." Plaintiff's Response, [ECF No. 35], at 6. In Plaintiff's view, the Notice "may well have been received but not matched to an account in Defendant's database." *Id.* On the record presented, these are all possibilities.

Relying solely on *Hyman*, Defendant maintains that its verbal agreement with Ashworth that it would be notified by Ashworth upon receipt of any bankruptcy notices, and its procedures of recording received bankruptcy notices and ceasing collection of bankrupt accounts, entitle Defendant to judgment on its bona fide error defense.[4] Defendant's Motion, [ECF No. 28], at 7. However, although the Court notes that in *Hyman*, the Seventh Circuit affirmed a trial court's finding after a bench trial that procedures similar to Defendant's are reasonable, "the specifics of the systems involved in *Hyman* were aired out at a trial rather than decided on the record provided for summary judgment." *Keisler v. Encore Receivable Mgmt., Inc.*, 2008 WL 1774173, at *6 (S.D. Ind. Apr. 17, 2008); *see also Lewis*, 2017 WL 385041, at *5 ("while true that *Hyman* affirmed a bench trial finding that these two measures justified the application of the bona fide error defense, it is not clear at the summary judgment stage that Defendant followed such measures.") (internal citation omitted).

In sum, factual issues remain as to whether Defendant maintained and complied with procedures reasonably adapted to avoid its erroneous collection efforts. It cannot be said that a reasonable factfinder could not find that the procedures employed by Defendant were sufficient. Thus, summary judgment is not appropriate.

---

[4] Both parties are in agreement that Defendant's verbal agreement with Ashworth is irrelevant to the claims in this case. But this is not necessarily true. *See Bianchi*, 2008 WL 597587, at *4 ("While it is true that the agreement would not have prevented the actual error in this case, it is nonetheless a procedure defendant has in place to prevent collecting on bankrupt accounts and should be considered when evaluating whether defendant's procedures are reasonable."). The Court need not decide this issue now.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment [ECF No. 27] is denied. Plaintiff's Motion for Summary Judgment [ECF No. 32] is granted in part and denied in part. In addition, Plaintiff's Motion to Strike [ECF. No. 40] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 9, 2018